UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : |
| | Crim. No.: CCB-16-cr-267 -25 |
| SYDNI FRAZIER | : |

MOTION TO DISMISS COUNT TWO OF THE THIRD SUPERSEDING
INDICTMENT

Defendant, by and through counsel, moves this Honorable Court, to dismiss Count Two of the Third Superseding Indictment. In support, he states the following.

1. On January 23, 2017, the Defendant was initially charged via a complaint with one count of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g) in Criminal Case Number 17-0061. He was indicted on that charge on February 2, 2017. The Indictment was dismissed on June 8, 2017.

2. On June 1, 2017, Frazier was added as a co-defendant in a Second Superseding Indictment in Criminal Case Number 16-267. Count One charged Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d); Count Two charged Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation od 21 U.S.C § 841(a)(1), (b)(1)(A), (b)(1)(C); Count Twenty-Two charged Frazier with being a Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g); County Twenty-Nine charged Possession with Intent to Distribute Heroin and Fentanyl, in violation of 21 U.S.C. § 841.

3. A jury trial began on March 18, 2019. On April 15, 2019, a mistrial was declared as to Mr. Frazier before his case reached the jury.

4. On July 30, 2019, Mr. Frazier was charged in a three-count Third Superseding indictment. Count One charged Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C § 841(a)(1), (b)(1)(A), (b)(1)(C); Count Two charged Possession of a Firearm in Furtherance of a Drug Trafficking Crime Resulting in Death, in violation of 18 U.S.C. § 924(c), § 924(j), § 1111, and § 2; Count Three charged Frazier with being a Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g). Mr. Frazier moves this Court to Dismiss Count Two of the Third Superseding Indictment.

## ARGUMENT

Mr. Frazier submits that the addition of the § 924(j) count violates his rights to a speedy trial. The alleged facts used to indict him on Count Two of the Third Superseding Indictment were know to the government when it sought the Second Superseding Indictment. Despite this, the Government did not charge a 924(j) violation. In *United States v. Van Brady,* 563 F.Supp. 438 (S.D. Cal. 1983), authorities arrested the defendants on August 17, 1982, and a grand jury indicted them on August 25, 1982. Then, on December 10, four days before trial, the government returned a superseding indictment adding four new charges to the indictment. The district court ruled that under the Speedy Trial Act the government could not bring new charges at such a late date without a "valid explanation for its

delay." *Id*. at 441. Finding no such explanation, the court dismissed the charges. The *Van Brandy* case stands in stark contrast to *United States v. Ables*, 801 F.2d 395 (4th Cir. 1986) (unpublished). In *Ables*, "the superseding indictment did not add any new charges and only made minor changes in the original indictment by expanding the dates of the alleged conspiracy and including some new overt acts in the allegations. *Id*. at * 2.

Here, there is a striking difference between the Second and Third Indictments, yet the government was aware of the alleged facts used to support Count Two of the Third Superseding Indictment when it brought the Second Superseding Indictment. Frazier submits that unless the government can provide a valid explanation for the delay, Count Two must be dismissed.

Respectfully submitted,

/s/_____
Christopher M. Davis #23441
Counsel for Sydni Frazier

Davis & Davis
1350 Connecticut Avenue, NW
Suite 202
Washington, DC 20036
202.234.7300

CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion was served upon all counsel of record via the Court's CM/ECF System on this 14th day of August 2019.

/s/_____
Christopher M. Davis