

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Christina Hoffman*
*Assistant United States Attorney*
*Christina.Hoffman@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4871*
*MAIN: 410-209-4800*
*FAX: 410-962-0717*

April 3, 2020

Honorable Catherine C. Blake
U.S. District Court for the District of Maryland
101 W. Lombard Street
Baltimore, MD 21201

    Re:    <u>United States v. Sydni Frazier, Crim. No. CCB-16-0267</u>

Dear Judge Blake,

    We write to respond to defense counsel's letter dated March 18, 2020, requesting information about former Task Force Officer Ivo Louvado's participation in the investigation of Sydni Frazier.  ECF 1458.  We note, first, that defense counsel has not asked the Court for any particular relief, and the requested information was provided long ago in routine discovery.  Nonetheless, to augment the record, in case there should be any issues on appeal, we summarize Louvado's involvement in the case:

1. Louvado was not a necessary witness in the case and was not called to testify at trial or at the hearings on Frazier's pretrial motions.

2. Louvado was the affiant for four search warrants of relevance to the case, described below:

    a. The warrant for Frazier's girlfriend's house at 7002 Upper Mills Circle, Catonsville, Maryland.  *See* Exhibit 1.  No evidence from this search warrant was introduced at trial.

    b. The warrant for Frazier's cell phones seized at the time of Frazier's arrest on January 25, 2017.  *See* Exhibit 2.  Information from one of the cell phones was introduced at trial as Government's Exhibit CELL7a.

    c. The warrant for Frazier's Instagram account with username "getmneyboy."  *See* Exhibit 3.  Information from this Instagram account was introduced at trial as Government's Exhibits IG15, IG16, and IG18.

    d. The warrant for Shakeen Davis's cell phones seized at the time of Davis's arrest on February 24, 2017.  *See* Exhibit 4.  Information from this cell phone was introduced at trial as Government's Exhibit CELL3a.

3. With respect to each of these warrants, Louvado's affidavit merely relayed information reported by other investigators in the case. Louvado did not himself make any of the observations that served as the basis for probable cause. Those observations were made by the witnesses who *did* testify at trial—for instance, Detective Gary Niedermeier of the Baltimore Police Department (who investigated the homicide of Ricardo Johnson); Special Agent Timothy Moore of the Bureau of Alcohol, Tobacco, Firearms & Explosives (who arrested Frazier on January 25, 2017 and recovered his phones); and Sergeant Nayim Sadik of the Maryland State Police (who arrested Davis on February 24, 2017 and recovered his phones).

4. There has not been any allegation that the information in the affidavits was false or misleading in any respect. The government is not aware of any information undermining the probable cause determination with respect to any of the warrants.

5. The evidence introduced at trial that flowed from the warrants related almost exclusively to Frazier's involvement in the heroin trafficking conspiracy charged in Count One, and not to the murder of Ricardo Johnson charged in Count Three. Moreover, the evidence was cumulative of other evidence of Frazier's involvement in heroin trafficking—for instance:

    a. seizures of drugs and drug trafficking paraphernalia from Frazier's person and stash house on January 25, 2017 and November 16, 2017 (introduced as Government's Exhibits D1–D3 and SW1–SW12);

    b. text messages discussing drug trafficking from Frazier's cell phones recovered on August 10, 2016, and from Davis's cell phone recovered on April 26, 2016 (introduced as Government's Exhibits CELL5a, CELL6a, and CELL2a);

    c. recorded jail calls from Frazier to Davis and others discussing drug trafficking (introduced as Government's Exhibits J1–J4, J7, J8, and J10);

    d. photographs and messages from Frazier's Instagram account with username "rip_bigsidnbarakaat" (introduced as Government's Exhibits IG21–IG28, IG30–IG39, IG 41, IG43–IG47); and

    e. testimony by a drug dealer who purchased heroin from Frazier multiple times in Fall 2017.

Although we do not believe defense counsel's submission calls for any action by the Court, we are available to answer any questions the Court may have.

> Very truly yours,
>
> Robert K. Hur
> United States Attorney

/s/
Christina A. Hoffman
Lauren E. Perry
Assistant United States Attorneys